# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK
## BUFFALO DIVISION

| | |
|---|---|
| ALEXIS WEBB, pleading on her own behalf and on behalf of all other similarly situated consumers, | ) Case No.: 1:19-cv-755 )  )  ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT** ) |
| vs. | )  ) |
| MERCANTILE ADJUSTMENT BUREAU, LLC, | )  )  ) |
| Defendant. | ) |

Plaintiff alleges:

## PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendant's violations of the Fair Debt

Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C.

§1692k(d).

3.      Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.      Plaintiff is a resident of Wilmington, Delaware and is a "consumer" as the phrase is defined

and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.      Defendant is a corporation doing business in the State of Delaware, with its corporate headquarters located at 165 Lawrence Bell Drive, Suite 100, Williamsville, New York 14221, and is "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

## FACTUAL STATEMENT

6.      On a date better known by Defendant, Plaintiff incurred a personal debt.

7.      Plaintiff's personal debt is considered a "debt" as that term is used and defined under the FDCPA.

8.      In an attempt to collect a debt, Defendant made a call to Plaintiff's phone.

9.      Plaintiff was unable to answer the call, and Defendant left a voicemail message on Plaintiff's machine.

10.     The message stated:

> Hello this is Daniel Lopez, with an important message with Mercantile Adjustment Bureau. Please contact me at 877-254-0597. When calling back in, please use reference number 64148911. Thank you.

11.     The voicemail highlighted above is a communication in connection with the collection of debt.

12.     During the message, Defendant failed to state the required mini-miranda language.

13.     Upon information and belief, it is Defendant's regular practice to leave the exact message complained of herein, on the voicemails of consumers that do not pick up their phone.

## CLASS ACTION ALLEGATIONS

### The Class

2

14.     Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

15.     With respect to the Plaintiff's Class, this claim is brought on behalf of a class of: (a) all persons in the State of Delaware; (b) for whom Defendant left a message; (c) that did not identify that Defendant was a debt collector; (d) made in connection with Defendant's attempt to collect a debt; (e) which the said messages violate the FDCPA; (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

16.     Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

17.     Upon information and belief, Defendant has left messages in attempt to collect a debt to hundreds of consumers throughout the State of Delaware, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

18.     The messages left by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

19.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

20.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. The single issue of whether class members received phone messages that lacked information required by the FDCPA is common to the class members and predominates over any individual issue. The exact script of the messages need not be common to the class members, since it is the lack of information that is relevant. The principal issues are whether the Defendant's messages, such as the above said message, violates 15 U.S.C. §1692e(11).

### Typicality

21.     The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

22.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

23.     Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

24.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

25.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

26.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

27.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said messages violate 15 U.S.C. § 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

28.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

30.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31.     Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages,

thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

32.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 <em>et seq</em>**

33.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

34.     Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. 1692e(11).

35.     Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

WHEREFORE, Plaintiff, Alexis Webb, respectfully requests that this Court do the following for the benefit of Plaintiff:

6

a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

b. Enter an Order for injunctive relief prohibiting such conduct in the future;

c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d. Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

e. Award costs, interest, and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

f. Grant such other and further relief as may be just and proper.

## **JURY TRIAL DEMAND**

36.     Plaintiff demands a jury trial on all issues so triable.


Dated this 7th of June, 2019.


                                    Respectfully Submitted,


                                    */s/ Daniel Zemel*
                                    Daniel Zemel, Esq.
                                    **Zemel Law LLC**
                                    1373 Broad Street, Suite 203-C
                                    Clifton, New Jersey 07013
                                    T: 862.227.3106
                                    dz@zemellawllc.com
                                    *Attorneys for Plaintiff*