UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXIS WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00755 |
| | ) |
| MERCANTILE ADJUSTMENT BUREAU, | ) |
| LLC | ) |
| | ) |
| Defendant. | ) |

**ENTRY ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**
(Doc. 19)

Plaintiff Alexis Webb brings this action against Defendant Mercantile Adjustment Bureau, LLC under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. On April 14, 2022, Plaintiff accepted Defendant's second offer of judgment and judgment was entered for Plaintiff by the clerk on April 15, 2022. Pending before the court is Plaintiff's April 14, 2022 motion for attorney's fees and costs. (Doc. 19.) On April 28, 2022, Defendant filed an opposition and Plaintiff replied on May 3, 2022, at which time the court took the pending motion under advisement.

Plaintiff is represented by Daniel Zemel, Esq., and Defendant is represented by Brendan H. Little, Esq.

**I.    Factual and Procedural Background.**

On June 7, 2019, Plaintiff filed her complaint, alleging Defendant violated the FDCPA by failing to disclose that it was attempting to collect a debt in its initial communication with her. Defendant filed an answer on July 17, 2019. Limited written discovery took place thereafter. No depositions were conducted and no motions other than the pending one were filed. On February 1, 2021, Defendant made its first offer of judgment pursuant to Fed. R. Civ. P. 68 for $1,001.00, reasonable attorney's fees, and

taxable costs, which Plaintiff declined. The court held a pretrial conference on March 29, 2022 and determined the case was trial ready.

Defendant made a second Rule 68 offer of judgment, and on April 14, 2022, Plaintiff accepted Defendant's second offer for $1,501.00 "plus reasonable attorneys' fees and taxable costs incurred in this action prior to Plaintiff's acceptance of or expiration of this offer. Said reasonable attorneys' fees and taxable costs to be determined by agreement of the parties and, if the parties cannot agree, by the Court upon Motion of Plaintiff." (Doc. 18 at 4.)[1] Plaintiff represented that she would "file a motion for attorney's fees and costs pursuant to 15 U.S.C. § 1692k in accordance with Defendant's Offer of Judgment[,]" *id.* at 1, and filed the pending motion the same day.

## II.   Conclusions of Law and Analysis.

"[A]n accepted Rule 68 offer of judgment is a contract, and it must be interpreted according to ordinary contract principles." *Lilly v. City of New York*, 934 F.3d 222, 235 (2d Cir. 2019) (footnote omitted). The offer of judgment promises Plaintiff reasonable attorney's fees and taxable costs, consistent with the FDCPA's mandatory award of "the costs of the action, together with a reasonable attorney's fee as determined by the court" in a "successful action[.]" 15 U.S.C. § 1692k.

The parties agree that Plaintiff's reasonable attorney's fees should be calculated under the Second Circuit's "lodestar" approach, whereby the court calculates the "presumptively reasonable fee," which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case[.]" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). The presumption of reasonableness is "strong[,]" and the adjustment requires "rare and exceptional circumstances." *Perdue*, 559 U.S. at 552-53 (internal quotation marks and citations omitted). "[T]he fee applicant bears the burden of establishing entitlement to an award[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

---

[1] Defendant's Second Offer of Judgment is styled as Exhibit A to Doc. 18 but was filed as part of the same document.

Because fee shifting statutes give little incentive to negotiate rates before litigation, the court "bears the burden of disciplining the market" and setting a "reasonable hourly rate" for the services of counsel. *Arbor Hill*, 522 F.3d at 184. "The reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190. The "touchstone" of fee-shifting statutes is "that district courts should award fees just high enough to attract competent counsel." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 176 (2d Cir. 2009) (emphasis omitted); *accord Perdue*, 559 U.S. at 552 ("[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case.").

In determining the reasonable hourly rate, the court must consider case-specific variables, including:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill*, 522 F.3d at 184 (footnote omitted). Other relevant factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also id.* at 190 ("In determining what rate a paying client would be

willing to pay, the district court should consider, among others, the *Johnson* factors[.]").

Plaintiff requests $325.00 per hour, while Defendant argues a reasonable rate is $250.00 per hour. This case involved an FDCPA claim based on a single, brief voicemail. There was no motion practice and discovery was limited. By statute, Plaintiff's damages are capped at $1,000. 15 U.S.C. § 1692k(a)(2)(A). Attorney Zemel, who has practiced consumer law for over seven years and handled hundreds of FDCPA cases, took this case on a contingency fee basis and Plaintiff ultimately recovered $1,501.00, more than the statutory cap and Defendant's initial offer of judgment.

In a similar case which settled with limited discovery and no motion practice, the Eastern District of New York awarded Attorney Zemel $250.00 per hour for fourteen hours of work. *Schreier v. Pro. Claims Bureau, Inc.*, 2020 WL 7417026, at *2 (E.D.N.Y. Dec. 18, 2020). Plaintiff argues this case is distinguishable from *Schreier* because it occurred in a different district. *Schreier*, however, remains instructive because the prevailing rates in the Eastern District of New York are, if anything, higher than the prevailing rates in this district.[2] Moreover, recent FDCPA cases in this district supports awards between $250 and $300. *See McPhaul v. Insight Mgmt. Partners*, 2022 WL 542534, at *3 (W.D.N.Y. Feb. 23, 2022) (finding "$300 per hour is a reasonable rate for FDCPA work by FDCPA attorneys in the Western District of New York" with significant experience); *Slusher v. Asset Consulting Experts, LLC*, 2021 WL 868627, at *6 (W.D.N.Y. Mar. 9, 2021) (awarding $270 per hour to lead attorney); *Randle v. AC Asset*

---

[2] *Compare Rosen v. LJ Ross Assocs., Inc.*, 2022 WL 493728, at *5 (E.D.N.Y. Jan. 24, 2022), *report & recommendation adopted*, 2022 WL 493274 (E.D.N.Y. Feb. 17, 2022) ("The prevailing rates for experienced counsel in FDCPA cases in this district range from approximately $300 to $400 per hour.") (alteration adopted) (internal quotation marks and citation omitted) (collecting cases), *with McPhaul v. Insight Mgmt. Partners*, 2022 WL 542534, at *3 (W.D.N.Y. Feb. 23, 2022) (collecting cases from this district awarding between $200.00 and $375.00 per hour); *Slusher v. Asset Consulting Experts, LLC*, 2021 WL 868627, at *6 (W.D.N.Y. Mar. 9, 2021) ("Courts in this District generally have found that in FDCPA cases, 'a reasonable hourly rate for attorneys' fees ranges from about $200 to $300 per hour.'") (quoting *Hallmark v. Cohen & Slamowitz, LLP*, 378 F. Supp. 3d 222, 229 (W.D.N.Y. 2019) (collecting cases)).

*Servs. LLC*, 2020 WL 5757187, at *7 (W.D.N.Y. Sept. 28, 2020) (awarding $250 per hour to lead attorney). Considering the nature and complexity of the case, the experience of counsel, counsel's customary rate, Plaintiff's contingent fee arrangement with counsel, the results obtained, and awards in comparable cases, the court holds the reasonable hourly rate is $275.00 per hour for Attorney Zemel. This reflects a modest increase in Attorney Zemel's reasonable hourly rate since *Schreier* was decided and is consistent with FDCPA rates in this district.

In determining a reasonable number of hours, "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (internal quotation marks and citation omitted) (emphasis in original). The fees claimant is responsible for "documenting the appropriate hours expended" as well as "maintain[ing] billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.* at 437 (footnote omitted). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Attorney Zemel submitted documentation reflecting 19.4 hours spent on this case between August 20, 2018 and April 13, 2022. Defendant objects only to the 6.2 hours incurred by Attorney Zemel in preparing the pending motion the day before Plaintiff accepted Defendant's offer of judgment. Defendant argues that drafting the motion before acceptance was "[g]amesmanship" and, in any event, Attorney Zemel expended an unreasonable amount of time for a routine motion. (Doc. 21 at 3.) Defendant requests Plaintiff be awarded, at most, two hours for drafting the pending motion for a total of 15.2 hours. Plaintiff argues the 6.2 hours requested "complies with the plain language of the offer" and seeks payment for three additional hours for having to defend the fee application in a reply. (Doc. 22 at 2.)

The court finds that the 13.2 hours unrelated to the pending motion are adequately documented and reasonable. The three hours spent on the reply brief, however, are barred

5

by the offer of judgment because they occurred after acceptance. The 6.2 hours billed to draft the pending motion, although incurred prior to acceptance, are not wholly reasonable in the facts and circumstances of this case.

The offer of judgment provided that the amount of fees would be "determined by agreement of the parties" and only "if the parties cannot agree" would a motion be filed. (Doc. 18 at 4.) By accepting the offer, Plaintiff assumed a contractual duty to negotiate in good faith to reach an agreement on reasonable attorney's fees and costs. *See Murphy v. Inst. of Int'l Educ.*, 2022 WL 1217180, at *2 (2d Cir. April 26, 2022) (holding where an agreement "expresses mutual commitment to a contract on agreed major terms, while recognizing the existence of open terms that remain to be negotiated[,]" then parties have a duty to "negotiate the open terms in good faith") (quoting *Teachers Ins. & Annuity Ass'n of Am. v. Tribune Co.*, 670 F. Supp. 491, 498 (S.D.N.Y. 1987)). Rather than fulfilling this obligation, Plaintiff filed her motion for attorney's fees and costs contemporaneously with her notice of acceptance, thereby undermining further negotiations.

A reasonable, paying client would not willingly pay counsel to spend 6.2 hours to prepare a motion before contractually required negotiation was attempted. *See Lilly*, 934 F.3d at 234 ("[T]he key inquiry in determining the reasonableness of an attorney's . . . hours billed is whether a paying client would be willing to pay [for them]."). These fees are thus inappropriate to bill to an adversary. *See Hensley*, 461 U.S. at 434. In light of the duty to negotiate fees in good faith, the court will credit Attorney Zemel for only two hours preparing a routine motion for attorney's fees prior to Plaintiff's acceptance of Defendant's offer.

Plaintiff's counsel reasonably spent a total of 15.2 hours on this action prior to acceptance of the offer of judgment and the presumptively reasonable fee is therefore $4,180.00 (15.2 hours at $275.00 per hour).

Plaintiff seeks an upward adjustment of fifty percent because of the result achieved and the contingent nature of the case. A fee applicant bears the burden of proving an enhancement is necessary with "specific evidence that supports the award."

6

*Perdue*, 559 U.S. at 553 (internal quotation marks and citations omitted). "[E]nhancements may be awarded in rare and exceptional circumstances." *Id.* at 552 (internal quotation marks and citation omitted). "[T]he lodestar figure includes most, if not all, of the relevant factors constituting a reasonable attorney's fee and . . . an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation." *Id.* at 553 (internal quotation marks and citations omitted).

Because the "results obtained" and "whether the fee is fixed or contingent" are already factored into the determination of the reasonable hourly rate, Plaintiff has failed to justify an upward adjustment to the lodestar. *Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson*, 488 F.2d at 717-19); *see also Perdue*, 559 U.S. at 553 ("[T]he quality of an attorney's performance generally should not be used to adjust the lodestar because considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.") (internal quotation marks, citation, and alteration omitted). The results Plaintiff obtained, $500 over the statutory cap, were not atypical of similar cases under the FDCPA. Plaintiff's claims did not require any special degree of expertise. This case thus does not present a rare or exceptional circumstance.

Plaintiff also moves for $400.00 in filing fees and $75.00 in process server fees. Because these costs are adequately documented, taxable, and unopposed, Plaintiff's request for $475.00 in costs is GRANTED. *See Dunda v. Aetna Life Ins. Co.*, 2016 WL 4831962, at *2 (W.D.N.Y. Sept. 15, 2016) (holding filing fees and private process server fees are taxable costs).

## CONCLUSION

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART Plaintiff's motion for attorney's fees and costs and awards Plaintiff $4,180.00 in attorney's fees and $475.00 in costs.

SO ORDERED.

Dated this 8th day of August, 2022.

Christina Reiss, District Judge
United States District Court